ANDERSON v. WALTERS. (No. 1812.)

(Court of Civil Appeals of Texas. Texarkana. April 19, 1917.)

BROKERS ☞88(9)—ACTION FOR COMMISSIONS —INSTRUCTIONS—ADOPTION OF ACT.

Plaintiff's evidence going only to show an express agreement to pay a commission on an exchange of land, and defendant not only denying any employment but stating that he supposed plaintiff's services were furnished to the other party to the exchange, there was nothing to warrant a charge on adoption or ratification; so that the charge making it necessary to a return of verdict for defendant that it be found that there was no express contract of employment, "and" that defendant did not "adopt plaintiff's act in finding a buyer for his property," was bad.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 127.]

Appeal from Delta County Court; J. N. Viles, Judge.

Action by W. G. Walters against C. E. Anderson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The suit is by appellee, a real estate agent, to recover of appellant $500 as commissions for effecting a sale or exchange of certain real estate belonging to appellant. The petition predicates a recovery upon an express contract to pay 5 per cent. of the value of the property as commissions, and, in the alternative, upon the reasonable value of the services rendered in effecting the sale or exchange of the property. The defendant pleaded denial of any contract or employment, and denied that he accepted any services from the plaintiff relative to the exchange of the property. The jury verdict was in favor of the appellee for $200.

According to appellee's evidence, some time about September 15, 1915, appellant came to him and asked him if appellee could help him to trade some of his town property for lands in the country or farm lands, and agreed to pay appellee a commission of 5 per cent. in case he could effect such a trade; that about this time he wrote one Louis Gould, of Sulphur Springs, in answer to an advertisement in the Dallas News, with a view to effecting a trade for appellant; that Gould was representing Mr. Ables, the owner of some land in Lamar county sought to be exchanged, and in response to appellee's letter Gould and Ables came to Cooper to see appellee in regard to the proposed trade; that upon their arrival in Cooper appellee brought a meeting between them and appellant; that the next day he accompanied appellant to Paris, where they were met by Gould and Ables, who had gone there the night before, and they all went together to

---

inspect Ables' land; that they then came back to Cooper and looked over appellant's property, after which a deal was consummated between appellant and Ables in which appellant's brick house in Cooper, which he valued at $10,000 was exchanged for Ables' 500 acres of land in Lamar county. Appellee claims that in this deal he represented appellant and Gould represented Ables, and that he is entitled to a commission of $500 for his services.

Appellant denied that he had ever at any time placed any of his property in appellee's hands for sale or trade, or that he agreed to give him a commission for helping to sell or trade any of his property. He testified that some time in September appellee asked him if he would consider trading any of his property in Cooper for some Pecos Valley land near San Antonio; that he replied he might consider making a trade for some of said land, and would get his son-in-law to go down and look at it, but that nothing came of this proposition; that a few weeks afterwards he met appellee and some other men uptown one day, whom appellee introduced as Gould and Ables, and said they wanted to trade some lands they had for town property; that before Gould and Ables left for Paris that night Ables asked him to go out and look at the land; that he asked appellee if he was going to Paris the next day, and he said he was, and asked appellant to go also; that he and appellee went to Paris the next morning, where they were met by Gould and Ables, and they all went out and looked at Ables' land; that appellee did not go as his agent, and he thought appellee was representing Ables in attempting to make the trade; that all of the parties came back to Cooper on the afternoon train, and on the same evening they looked at some of his property, and finally a trade was made exchanging Ables' 500 acres of land in Lamar county for appellant's brick house in Cooper; that appellee appeared to be representing Ables in the trade. He further testified that about two months afterwards appellee asked him if he did not owe him something for helping to make the trade with Ables, and upon his replying in the negative appellee said somebody ought to pay him something; that some time afterwards he saw appellee just before starting to Sulphur Springs, and appellee asked him to see Gould and tell him to send him some money for helping to make the trade with Ables. Appellant further testified as follows:

"I would not have traded my house for the land at even exchange if I had been owing a commission on the deal, but I had no idea that Walters was expecting me to pay him anything. I had no talk with Walters after Ables and Gould came over here about him helping me to make the trade, and said nothing to him about paying him any commission in case I made the trade."

Newman Phillips, of Cooper, for appellant.
I. B. Lane, of Cooper, for appellee.

LEVY, J. (after stating the facts as above). In order to return a verdict for the defendant, the court's charge required the jury to find that there was no express contract of employment between the plaintiff and the defendant, "and" that defendant did not "adopt the plaintiff's act in finding a buyer for his property." The appellant contends that the charge was error under the facts of the case. Appellee's evidence goes to show an express contract to pay 5 per cent. commissions on the value of the property of the defendant. The appellant denies that he ever placed his property in appellee's hands for sale or trade, or that he ever agreed to give him a commission for helping to sell or trade his property. And appellant's evidence further goes to show that he did not know that appellee was undertaking to represent him in the exchange, but supposed and believed that appellee's services were furnished to Ables to enable him to make the exchange of his property.

In view of the evidence, it is believed that the charge complained of was error in requiring the jury to also find, before they were authorized to return a verdict for the defendant, that the defendant did not "adopt plaintiff's act in finding a buyer for his property." The evidence does not warrant a charge upon the question of adoption or ratification, and it is believed that this error should cause a reversal of the case because the verdict of the jury was, in effect, a finding upon an implied contract.

The judgment is reversed, and the cause remanded.